UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| POLARIS INDUSTRIES INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) ) | |
| ARCTIC CAT INC., a Minnesota Corporation, and ARCTIC CAT SALES INC., a Minnesota Corporation, | ) ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) ) ) | |

## Complaint

This is a complaint for patent infringement. Plaintiff Polaris Industries Inc. ("Polaris") brings this action against Defendants Arctic Cat Inc. and Arctic Cat Sales Inc. (together, "Defendants") and states as follows.

## Parties

1. Polaris is a leading designer, manufacturer and marketer of recreational vehicles such as snowmobiles, motorcycles and off road vehicles, such as all-terrain vehicles and side-by-side all-terrain vehicles.

2. Polaris is a Delaware corporation having its principal place of business at 2100 Highway 55, Medina, Minnesota.

3. Defendant Arctic Cat Inc. is a Minnesota corporation having a principal place of business at 505 North Highway 169, Suite 1000, Plymouth, Minnesota 55441. Defendant Arctic Cat Sales Inc. is a Minnesota corporation having a principal place of business at 601 Brooks Avenue South, Thief River Falls, MN 56701.

**Jurisdiction**

4. This action arises under the Patent Act, 35 U.S.C. § 271 *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants. Defendants are residents of Minnesota and maintain offices and transact business within Minnesota.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Defendants reside in this district. Upon information and belief, Defendants have committed acts of infringement in this district and have a regular and established place of business in this district.

**Count 1**
**Claim for Patent Infringement of U.S. Patent No. 9,217,501**

8. The allegations of paragraphs 1-7 are re-alleged as if fully set forth herein.

9. Polaris is the owner of United States Patent No. 9,217,501 ('501 patent), which issued on December 22, 2015 and is attached as Exhibit E. Polaris has owned the '501 patent for the entire period of Defendants' infringement.

10. Defendants have manufactured, used, sold, offered for sale, and/or imported side-by-side vehicles that infringe, literally and under the doctrine of equivalents, the

'501 patent. Defendants' side-by-side vehicles that infringe the '501 patent include, without limitation, Arctic Cat Wildcat Sport and Arctic Cat Wildcat Trail vehicles. These vehicles have all of the limitations of, without limitation, independent claim 1 of the '501 patent (and also dependent claims of independent claim 1).

11. Part assemblies for exemplary Wildcat Sport and Trail vehicles, which are accessible through http://store.arcticcat.com/Parts (which is a link provided on Arctic Cat's website http://www.arcticcat.com), are attached as Exhibits A and B, respectively. Upon information and belief, Defendants believe that the part assemblies for the Wildcat Sport and Wildcat Trail vehicles that are accessible through http://store.arcticcat.com/Parts are accurate.

12. Operator's manuals for exemplary Wildcat Sport and Trail vehicles, which are accessible through http://www.arcticcat.com/manuals/ (which is a link provided on Arctic Cat's website http://www.arcticcat.com), are attached as Exhibits C and D, respectively. Upon information and belief, Defendants believe that the operator's manuals for the Wildcat Sport and Trail vehicles that are accessible through http://www.arcticcat.com/manuals/ are accurate.

13. Upon information and belief, if the exemplary Wildcat Sport model has all of the limitations in claim 1 of the '501 patent, then other Wildcat Sport models have all the limitations in claim 1 of the '501 patent.

14. Upon information and belief, if the exemplary Wildcat Trail model has all of the limitations in claim 1 of the '501 patent, then other Wildcat Trail models have all the limitations in claim 1 of the '501 patent.

15. Wildcat Sport and Trail vehicles have a "frame" as recited in the '501 patent claims. The attached "FRAME AND RELATED PARTS [300006]" part assemblies, for example, substantiate that the exemplary Wildcat Sport and Trail vehicles have a frame. <u>See, e.g.</u>, Ex. A at 1-2; Ex. B at 1-2.

16. Wildcat Sport and Trail vehicles have "a plurality of ground engaging members supporting the frame" as recited in the '501 patent claims. The '501 patent states: "Illustratively, ground engaging members 102 are wheels 104 and associated tires 106." The attached operator manuals, for example, substantiate that the exemplary Wildcat Sport and Trail vehicles have wheels and tires. <u>See, e.g.</u>, Ex. C at Cover; Ex. D at Cover.

17. Wildcat Sport and Trail vehicles have "a power source supported by the frame and operatively coupled to at least one of the plurality of ground engaging members to propel the vehicle" as recited in the '501 patent claims. The '501 patent states: "Exemplary power sources include internal combustion engines and electric motors. In the illustrated embodiment, the power source 130 is an internal combustion engine." The attached "ENGINE AND EXHAUST [301053]" and "ENGINE AND EXHAUST [301108]" part assemblies, for example, substantiate that the exemplary Wildcat Sport and Trail vehicles have an engine. <u>See, e.g.</u>, Ex. A at 3-4; Ex. B at 3-4.

18. Wildcat Sport and Trail vehicles have "a CVT unit supported by the frame and operatively coupled between the power source and the at least one of the plurality of ground engaging members" as recited in the '501 patent claims. The attached operator's manuals for the exemplary Wildcat Sport and Trail vehicles state, for example: "This

4

vehicle is equipped with a constant variable transmission (CVT) coupled to a dual-range transmission with reverse and park" and "The CVT is fully automatic and shifts as a function of engine RPM." See, e.g., Ex. C at p. 19; Ex. D at p. 19.

19. Wildcat Sport and Trail vehicles have "an operator area supported by the frame, the operator area including seating and operator controls, a first portion of the plurality of ground engaging members being located forward of the seating and a second portion of the plurality of ground engaging members being located rearward of the seating, the seating including a plurality of seats in a side-by-side arrangement, the first portion of the plurality of ground engaging members including a first ground engaging member including a first wheel and a first tire, the second portion of the plurality of ground engaging members including a second ground engaging member including a second wheel and a second tire" as recited in the '501 patent claims. This is substantiated, for example, in attached operator's manuals. See, e.g., Ex. C at Cover, 5-7; Ex. D at Cover, 5-7.

20. Wildcat Sport and Trail vehicles have "a cargo carrying portion supported by the frame and located rearward of the seating" as recited in the '501 patent claims. The attached "CARGO BOX AND TAILLIGHT ASSEMBLY [301048]" and "CARGO BOX AND TAILLIGHT ASSEMBLY [301103]" part assemblies, for example, substantiate that the exemplary Wildcat Sport and Trail vehicles have the claimed cargo carrying portion. See, e.g., Ex. A at 5-6; Ex. B at 5-6.

21. Wildcat Sport and Trail vehicles have "a plurality of exterior body panels supported by the plurality of ground engaging members" as recited in the '501 patent

claims. The attached "FRONT AND SIDE PANEL ASSEMBLIES [301054]" and "FRONT AND SIDE PANEL ASSEMBLIES [301109]" part assemblies, for example, substantiate that the exemplary Wildcat Sport and Trail vehicles have the claimed plurality of exterior body panels. See, e.g., Ex. A at 7-8; Ex. B at 7-8.

22. Wildcat Sport and Trail vehicles have "an air intake system operatively coupled to the CVT unit to communicate ambient air to an interior of the CVT unit, the air intake system receiving ambient air through an inlet in a portion of the plurality of exterior body panels, the inlet in the portion of the plurality of exterior body panels being located rearward of the first wheel of the first ground engaging member and forward of the second wheel of the second ground engaging member and located laterally outside of a lateral extent of the power source and the CVT unit" as recited in the '501 patent claims. The attached "CASE/BELT COOLING AND CLUTCH COVER ASSEMBLIES [300020]", "FRONT AND SIDE PANEL ASSEMBLIES [301054]", "FRONT AND SIDE PANEL ASSEMBLIES [301109]", and "AIR INTAKE ASSEMBLY [300019]" part assemblies and operator's manuals, for example, substantiate that the exemplary Wildcat Sport and Trail vehicles have this claim limitation. See, e.g., Ex. A at 7-14; Ex. B at 7-14; Ex. C at 6-7, 45-46; Ex. D at 6-7, 46-47.

23. Wildcat Sport and Trail vehicles also have all of the limitations of dependent claims of independent claim 1.

24. Polaris has provided notice in satisfaction of 35 U.S.C. § 287 by at least filing this complaint.

25. Polaris has been damaged by Defendants' infringement of the '501 patent and will continue to be damaged in the future unless Defendants are enjoined from infringing the '501 patent.

**Count 2**
**Claim for Provisional Rights of U.S. Patent No. 9,217,501**

26. The allegations of paragraphs 1-25 are re-alleged as if fully set forth herein.

27. The '501 patent issued from U.S. Patent Application Serial No. 14/480,068. This application published as U.S. Publication No. 2014/0374179 A1 ('179 published application).

28. Defendants have manufactured, used, sold, offered for sale, and/or imported side-by-side vehicles having the invention as claimed in Polaris's '179 published application, literally and under the doctrine of equivalents. Such side-by-side vehicles include, without limitation, Arctic Cat Wildcat Sport and Arctic Cat Wildcat Trail vehicles. These vehicles have all of the limitations of independent claim 42 of Polaris's '179 published application (and dependent claims of independent claim 42).

29. The invention as claimed in claim 42 of the '179 published application (and dependent claims therefrom) is substantially identical to the invention as claimed in claim 1 of the '501 patent (and dependent claims therefrom).

30. Upon information and belief, Defendants had actual notice of the '179 published application. Defendants have admitted knowledge of another Polaris published patent application in this area. See Answer to Am. Compl. ¶ 15, Polaris Industries Inc. v. Arctic Cat Inc., No. 0:14-cv-03386-JRT-FLN (D. Minn.), ECF No. 27. Defendants,

themselves or through their counsel, had actual knowledge of U.S. Patent 8,613,335, which issued from an application that is a parent to the '179 published application. For example, U.S. Patent 8,613,335 is listed as one of the "Reference Cited" in U.S. Patent No. 9,180,801 B2, which issued earlier this year and is assigned to Arctic Cat Inc. Upon information and belief, Defendants, themselves or through their counsel, monitor Polaris's patent portfolio, including published patent applications, the parent patent to the '179 published application and the '179 published application itself.

## **Prayer for Relief**

Polaris respectfully requests the following relief:

A. A judgment that Defendants have infringed the '501 patent;

B. A judgment and order requiring Defendants to pay all appropriate damages;

C. A judgment and order requiring Defendants to pay a reasonable royalty associated with Polaris's provisional rights;

D. A judgment and order that this is an exceptional case under 35 U.S.C. § 285;

E. A judgment and order requiring Defendants to pay all costs, including disbursements, and fees;

F. A judgment and order requiring Defendants to pay pre-judgment and post-judgment interest;

G. Permanent injunctions against Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with them, prohibiting infringement of the '501 Patent;

H. Such other and further relief that this Court may deem just and equitable.

## **Demand for a Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Polaris demands a trial by jury of all issues so triable.

**Polaris Industries Inc.** *by counsel*

Dated: December 22, 2015

s/Dennis Bremer
ALAN G. CARLSON
  Minnesota Bar No. 0014801
DENNIS C. BREMER
  Minnesota Bar No. 0299182
SAMUEL T. LOCKNER
  Minnesota Bar No. 0341095
WILLIAM F. BULLARD
  Minnesota Bar No. 0391013
CARLSON, CASPERS, VANDENBURGH,
LINDQUIST & SCHUMAN, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, Minnesota 55402
(612) 436-9600 Telephone
(612) 436-9605 Facsimile
acarlson@carlsoncaspers.com
dbremer@carlsoncaspers.com
slockner@carlsoncaspers.com
wbullard@carlsoncaspers.om