# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| POLARIS INDUSTRIES INC., | Civil No. 15-4475 (JRT/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON MAGISTRATE JUDGE'S ORDER DATED MARCH 2, 2017** |
| ARCTIC CAT INC., and ARCTIC CAT SALES INC., | |
| Defendants. | |

Peter Kohlhepp, **CARLSON CASPERS VANDENBURGH LINDQUIST & SCHUMAN P.A.**, 225 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for plaintiff.

Joseph A. Herriges, **FISH & RICHARDSON P.C.**, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402, for defendants.

In December 2015, Plaintiff Polaris Industries Inc. ("Polaris") filed an action against Defendants Arctic Cat Inc. and Arctic Cat Sales Inc. (together "Arctic Cat") asserting that Arctic Cat manufactures and sells side-by-side vehicles that infringe upon Polaris's U.S. Patent No. 9,217,501 (" '501 Patent"). (*See* Compl. ¶¶ 8-30, Dec. 22, 2015, Docket No. 1.) In January 2017, Polaris moved to amend its complaint to add a claim that Arctic Cat willfully infringed the 501 Patent, providing proposed paragraphs 31-49 in support. (Pl.'s Am. Mot. to Am. Pleadings, Ex. 2 ¶¶ 31-49, Jan. 18, 2017, Docket No. 92.)

At the hearing on the motion to amend, Polaris stated it sought to add a claim only for post-lawsuit (or post-patent) willful infringement, given that the '501 Patent was issued on the same day that Polaris filed the patent infringement action. (Tr. of Mot. to

Am. Pleadings Hr'g at 4:16-18, 5:8-13, 24:3-4, Mar. 13, 2017, Docket No. 126.) However, Polaris also asserted during the hearing that Arctic Cat's pre-patent conduct was relevant to a post-patent willfulness claim as a matter of law. (*Id.* at 10:1-4, 23:18-21.)

Following the hearing, United States Magistrate Judge Franklin L. Noel[1] issued an order ("Order") granting in part and denying in part Polaris's motion to amend its pleadings to add a claim for post-lawsuit willful infringement. (Order at 1, Mar. 2, 2017, Docket No. 120.) Specifically, the Order granted "Polaris leave to amend its Complaint to add a claim for willful infringement insofar as it seeks to add proposed paragraphs 31–37, 45–46, 48–49, and the additional amendments to the prayer for relief." (*Id.* at 6.) The Order denied Polaris's motion to add proposed paragraphs 38-44 and 47, finding that those allegations were "conclusory," (*id.* at 4-5), and that proposed paragraphs 38-44 which related to conduct prior to issuance of the '501 patent, (see *id.* at 4), were "not relevant to alleging conduct that occurred following the issuance of the patent-in-suit," (*id.* at 6).

Polaris does not object to the Order's denial of its motion for leave to add paragraphs 38-44 and 47 to the complaint. (Pl.'s Obj. at 3 n.4, Mar. 16, 2017, Docket No. 129.) However, Polaris "objects to the extent that the Order might be interpreted as precluding Polaris from relying on any of Arctic[ Cat]'s pre-patent-issuance conduct, including copying, in pursuing Polaris's willful infringement claim." (*Id.* at 1-2.)

---

[1] On April 7, 2017, Magistrate Judge Noel filed an order of recusal and the case was reassigned to United States Magistrate Judge Tony N. Leung. (Order of Recusal, April 7, 2017, Docket No. 146.)

Arctic Cat responds it agrees that pre-issuance conduct may be evidence used to support a willfulness claim, but that "Polaris did not adequately plead facts to support a willfulness claim based on pre-issuance conduct, and has waived its right to add such allegations by not appealing" the Order regarding that point. (Defs.' Resp. at 2, Mar. 30, 2017, Docket No. 135.)

## DISCUSSION

Here, the parties agree that pre-patent conduct may, as a matter of law, support a willfulness claim.[2] The sole issue is whether Polaris waived its ability to introduce facts about Arctic Cat's pre-issuance conduct because Polaris did not object to the Order's determination that those proposed paragraphs were "conclusory."

The only case that Arctic Cat offered to support its position regarding waiver is inapposite. (See *id.* at 2.) In *Daley v. Marriott International, Inc.*, the Eighth Circuit held that it could not review a plaintiff's "challenge to the merits of the magistrate judge's order denying [a] nondispositive pretrial motion because [the plaintiff] failed to file any objections to such order with the district court." 415 F.3d 889, 893 n.9 (8th Cir. 2005). However, in this case, Polaris argued before the Magistrate Judge that Arctic Cat's pre-patent conduct was relevant to its willful infringement claim and then objected to the Order to the extent it could be construed to preclude Polaris from relying on such

---

[2] *See Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1581 (Fed. Cir. 1992) ("When determining whether infringing conduct warrants a finding of willfulness the court must examine the totality of the circumstances of the case. In addition, although willfulness is generally based on conduct that occurred after a patent issued, pre-patent conduct may also be used to support a finding of willfulness." (citations omitted)).

facts in pursuing the claim. (Pl.'s Obj. at 1-2, 3 n.4.) Thus, contrary to Arctic Cat's position, Polaris has preserved its objection with the Court.

The Magistrate Judge granted Polaris leave to amend its complaint to add a willfulness claim, and Polaris may introduce facts to support that legal claim. Arctic Cat has not offered – and the Court is not aware of – any authority that holds that a party must plead all possible facts that may support its legal claim or risk waiving reliance on those facts. A pleading must contain enough facts to state a claim for relief that is "plausible on its face," but that is not the issue here. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Thus, the Court will clarify that the Order does not per se preclude Polaris from seeking to introduce facts about Arctic Cat's pre-patent conduct that support its willful infringement claim, and of course, Arctic Cat may object at the appropriate stage of the proceedings to the relevance and admissibility of such facts.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **SUSTAINS** Polaris's objection [Docket No. 129], and **MODIFIES** the Magistrate Judge's Order [Docket No. 120], to clarify that Polaris is not per se precluded from seeking to introduce facts about Arctic Cat's pre-patent conduct to support its willful infringement claim. In all other respects, the Order is **AFFIRMED** [Docket No. 120].

DATED: July 10, 2017            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                     Chief Judge
                                                          United States District Court