# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MINNESOTA

| | |
|---|---|
| POLARIS INDUSTRIES INC., a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) )  Civil Action No. 15-cv-04475 |
| v. | ) ) ) |
| ARCTIC CAT INC., a Minnesota Corporation, and ARCTIC CAT SALES INC., a Minnesota Corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**POLARIS'S REPLY IN SUPPORT OF MOTION FOR AN ORDER FINDING THAT DEFENDANT ARCTIC CAT IS ESTOPPED FROM ASSERTING ITS IDENTIFIED INVALIDITY GROUNDS**

# TABLE OF CONTENTS

A.     Arctic Is Estopped Because It Reasonably Could Have Raised Combinations 1, 2, and 5 in the IPR Using the Vehicle Manuals ...................... 1

B.     Arctic's Focus on "Measurements"/"Testing" Is Misplaced—It Could Have Used This Same Evidence in the IPR .......................................................... 2

C.     This Case Is Not Like the Cases Arctic Cites ..................................................... 4

D.     Combination 5 (Leonard patent + Fiero) Is Estopped ......................................... 5

E.     Combination 2 (Kymco + Fiero) Is Estopped ..................................................... 5

Combinations 1, 2, and 5 are estopped. Arctic chose to file an IPR and could have raised its obviousness arguments using vehicle manuals there. It is not entitled to a re-do here, where the only difference is it also relies on the vehicles shown in the manuals.[1]

### A.     Arctic Is Estopped Because It Reasonably Could Have Raised Combinations 1, 2, and 5 During the IPR Using the Vehicle Manuals

Arctic argues that it is not estopped from asserting Combinations 1, 2, and 5 because it "could not have asserted physical vehicles as an invalidity ground" in the IPR. (Dkt. 473 at 6–7.) Arctic is attempting to do an end-run around estoppel by citing physical vehicles in addition to vehicle manuals.

Arctic is estopped because it "reasonably could have raised" the obviousness grounds it asserts in this case by using the vehicle manuals in the IPR, which for the purpose of this motion are "prior art . . . printed publications" within the scope of an IPR under 35 U.S.C. § 311(b). Arctic does not dispute that the manuals show each feature of the vehicles. The manuals are effectively a proxy for the vehicles.

Arctic used the Kymco manuals in this case as a proxy for the vehicle in order to defeat Polaris's motion for summary judgment that the Kymco vehicle was not prior art. Arctic argued that it would use the Kymco manuals to show the structure of the prior art Kymco vehicle. (Dkt. 360 at 5–8; Dkt. 457 at 21.) Essentially, the manual became the primary proof and the vehicle a demonstrative for the manual. In such circumstances, estoppel is appropriate. *E.g. Cal. Inst. of Tech. v. Broadcom Ltd.*, No. 16-cv-3714, 2018

---

[1]Arctic's footnote 2 appears to suggest that the Court not "enter" estoppel now, given Arctic's pending appeal of the IPR. (Dkt. 473 at 5 n.2.) As Polaris's brief explained, the statute and case law make clear that estoppel applies now. (Dkt. 461 at 18-20.)

1

U.S. Dist. LEXIS 221754, at *45 (C.D. Cal. Dec. 28, 2018) ("[t]he Court is not persuaded by Defendants' argument that it is shielded from statutory IPR estoppel by its references to the 'known or used' prong of §102(a)" because the defendant relied on documents it used or could have used in the IPR to demonstrate those elements.)

Polaris's brief showed Arctic reasonably could have raised grounds based on the RZR 800, Kymco, Fiero, and Ranger during the IPR using the vehicle manuals. Arctic's response ***does not (and cannot) identify any claim element it contends the vehicle has but the manuals lack***. As the *Oil-Dri* decision concluded, "[w]here there is evidence that a petitioner had reasonable access to printed publications corresponding to or describing a product that it could have proffered during the IPR process, it cannot avoid estoppel simply by pointing to its finished product (rather than the printed materials) during litigation." *Oil-Dri Corp. of Am. v. Nestlé Purina Petcare Co.*, 15-cv-1067, 2019 U.S. Dist. LEXIS 28279, at *31 (N.D. Ill. Feb. 22, 2019). That is precisely the case here.

### B. Arctic's Focus on "Measurements"/"Testing" Is Misplaced—It Could Have Used This Same Evidence in the IPR [2]

Because Arctic cannot point to any vehicle parts that the manuals do not show, its brief instead argues that the vehicles are "superior," relying on various measurements and "tests" from vehicle inspections:

- evaluation of purported air blockage in RZR 800/Kymco; measurement of duct

---

[2] Arctic contends in passing that "center of gravity" (per '501 patent dependent claim 11) is a test that could not have been performed on a publication. (Dkt. 473 at 4.) But its expert said the opposite—that he could determine center of gravity from the Sunsdahl publication (showing a vehicle just like RZR 800) and ascertain all material aspects of the Kymco from its manuals (e.g. center of gravity). (*See* Dkt. 461 at 31, 35–36.)

      length; noting difficulty in removing CVT housing (Dkt. 473 at 12-13);

- test-driving vehicles, disassembling vehicles, measuring length, wheelbase, and height of the vehicles, and evaluating sound levels/quality (Dkt. 473 at 4).

This is misdirection. Arctic argues that the measurements/tests show the reason why disparate elements from the different references would be combined to make the patented invention—commonly referred to as showing a "motivation to combine." But nothing prevented Arctic from using this same "motivation to combine" evidence in the IPR. Unlike IPR "grounds," evidence regarding motivations to combine in an IPR is not limited to patents and printed publications. For example, Arctic submitted almost 200 pages of expert testimony in the IPR regarding reasons why the elements would be combined to invalidate the '501 patent. (IPR2017-00433, AC1001, AC1032.) Arctic's expert could have tried to corroborate his IPR opinion by using measurements or tests on the physical vehicles shown in the manuals. He actually did rely on a RZR 800 photo in the IPR as purportedly showing blockage. (Dkt. 474-4 (Ex. E) at 15–16.) He could have cited additional photos or "evaluations" from his own vehicle inspections.

Arctic also cites various measurements and testing done by Polaris's responsive expert.[3] (Dkt. 473 at 4–5, 13–15.) But this is not relevant. Polaris's expert is providing responsive evidence. The pertinent question is whether Arctic could have reasonably raised the grounds in the IPR, not whether (or how well) Polaris could have responded.

---

[3] Arctic's brief makes much of a deposition exchange with Polaris' expert Dr. Bower. (Dkt. 473 at 1, 5, 14.) However, as Polaris's opening brief explained he was never asked about specific features or manuals, and as to the issue that is actually relevant here—the specific elements that Arctic relies on the vehicles for—he was able to confirm that there was nothing about the vehicles that was not also in the manuals. (Dkt. 461 at 17.)

3

### C.   This Case Is Not Like the Cases Arctic Cites

Arctic relies on three cases from Texas—*Zitovault, Ilife*, and *Intellectual Ventures II*. (Dkt. 473 at 7–9.) None concerned a situation like here, where it is undisputed that (i) the product manual shows each claim feature the defendant cites the product for, (ii) the defendant had access to the product manual before it filed the IPR, and (iii) the defendant had actually relied on the manual as showing those features in the district court.[4] The *Synopsis* case likewise did not address this situation—it simply noted that certain other invalidity arguments cannot be raised in an IPR. *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016). *Synopsis, Ilife* and *Intellectual Ventures II* were also dicta. *Synopsis*, 814 F.3d at 1316 (issue was whether the PTAB had to address every claim raised in a petition, not the scope of estoppel); *Ilife*, No. 3:13-cv-4987, 2017 U.S. Dist. LEXIS 87769, at *20 (N.D. Tex. May 30, 2017) (no argument before the court that the products were estopped); *Intellectual Ventures II*, No. 16-cv-0081, 2016 U.S. Dist. LEXIS 181431, at *5–10 (E.D. Tex. Nov. 7, 2016) (deciding a stay motion).

Arctic also cites *Depomed*. But there, the decision was based in part on the finding that the product had features "which were not disclosed in any patents or printed publications." *Depomed, Inc. v. Purdue Pharma L.P.*, 13-cv-571, 2016 U.S. Dist. LEXIS 163820, at *24 (D.N.J. Nov. 4, 2016). That is not the case here. Another recent case allowed a defendant to rely on physical products, but, unlike here, the patentee provided

---

[4] Arctic contends that it relies on the manuals only to "establish [] authenticity" and for "background" and that the estoppel statute does not preclude this. (Dkt. 473 at 10 n.3, 15.) Arctic is wrong on both points. Polaris's opening brief showed Arctic's expert continued to rely substantively on the manuals, and one cannot back-door in the manuals simply by calling them "background." (*E.g.* Dkt. 461 at 15, 30, 32, 34, 35–36, 42–43.)

4

no argument as to why estoppel should apply.  *Palomar Techs., Inc. v. MRSI Sys., LLC*, 18-cv-10236, 2019 U.S. Dist. LEXIS 51230, at *21 (D. Mass. Mar. 27, 2019).

### D. Combination 5 (Leonard patent + Fiero) Is Estopped

There are further reasons to estop Combination 5.  First, Arctic actually used two prior art documents in the IPR that are materially identical to the Fiero—the Fiero Manual and the Brown patent.  (Dkt. 461 at 15–16, 33.)  Second, Arctic's expert does not rely on the Fiero for anything that isn't in the printed publications—including tests/measurements relating to motivations to combine.  A single measurement of the Fiero's engine intake duct appears in his background section, but he does not actually rely on this in the paragraph where he analyzes the Leonard/Fiero combination.  (*See* Dkt. 473 at 13 (citing Ex. B ¶¶ 134, 818).)  So as to the Fiero, there really is nothing whatsoever that could be said to make the vehicle itself a "superior" reference.

### E. Combination 2 (Kymco + Fiero) Is Estopped

Combination 2 also presents a clear-cut case for estoppel because Arctic is actually relying on the Kymco manuals as its obviousness ground.  Arctic now purports to rely on the Kymco manuals for "authentication" but not "as an invalidity ground." (Dkt. 473 at 15.)  However, Arctic successfully opposed Polaris's motion for summary judgment that the Kymco was not prior art by relying on the manuals as its sole evidence that it would be able to prove that the material aspects of the Kymco were prior art.  But now Arctic wants to say that it is not using the Kymco manuals for its Combination 2 ground, in order to save that ground from estoppel.  That is inconsistent and unfair.  In reality Arctic's ground is the Kymco manuals, and Combination 2 should be estopped.

Dated:  April 10, 2019.                    **Polaris Industries Inc.** *by counsel*

*s/Peter M. Kohlhepp*
Alan G. Carlson (MN Bar No. 0014801)
Dennis C. Bremer (MN Bar No. 0299182)
Samuel T. Lockner (MN Bar No. 0341095)
Peter M. Kohlhepp (MN Bar No. 0390454)
William F. Bullard (MN Bar No. 0391013)
Nathan Louwagie (MN Bar No. 0397564)
CARLSON, CASPERS, VANDENBURGH &
LINDQUIST, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, MN  55402
(612) 436-9600 Telephone
(612) 436-9605 Facsimile
acarlson@carlsoncaspers.com
dbremer@carlsoncaspers.com
slockner@carlsoncaspers.com
pkohlhepp@carlsoncaspers.com
wbullard@carlsoncaspers.com
nlouwagie@carlsoncaspers.com