UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| POLARIS INDUSTRIES, INC., | Civil No. 15-4475 (JRT/TNL) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| ARCTIC CAT INC., and ARCTIC CAT SALES INC., | |
| Defendants. | |

Alan G. Carlson, Dennis C. Bremer, Nathan Louwagie, Peter Kohlhepp, Samuel T. Lockner, William F. Bullard, **CARLSON CASPERS VANDENBURGH LINDQUIST & SCHUMAN PA**, 225 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for plaintiff.

Joseph Herriges, John C. Adkisson, Conrad A. Gosen, Jason M. Zucchi, Maria E. Stiteler, **FISH & RICHARDSON**, 60 South Sixth Street, 3200 RBC Plaza, Minneapolis, MN 55402, and Kelly Allenspach Del Dotto, **FISH & RICHARDSON P.C.**, 222 Delaware Avenue, Seventeenth Floor, Wilmington, DE 19801, for defendants.

Plaintiff Polaris Industries, Inc. ("Polaris") brings this patent-infringement action against defendants Arctic Cat Inc. and Arctic Cat Sales Inc. (collectively "Arctic Cat"). Arctic Cat pursued an *inter partes* review ("IPR") of certain claims of Polaris's '501 Patent asserting invalidity based on obviousness. The Patent Trial and Appeals Board ("PTAB") denied Arctic Cat's Petition and issued a final written decision. Polaris then moved the Court for partial summary judgment on the issue of whether Arctic Cat is estopped from now pursuing seven combinations it identified as invalidity defenses in the instant action. The Court will find that Arctic Cat reasonably could have raised combinations 3, 4, 6, and 7 during the IPR and will grant Polaris's motion regarding those combinations. Because

Arctic Cat could not have reasonably raised combinations 1, 2, and 5 during IPR, the Court will deny the motion regarding those combinations.

## BACKGROUND

This case arises from the entry of Arctic Cat into the market for 4x4 Trail Recreational Off-Road Vehicles ("4x4 Trail ROV"). Prior to 2013, Polaris had an over 90% market share in the 4x4 Trail ROV market. *Polaris Indus. Inc. v. Arctic Cat Inc.*, No. 15-4475, 2017 WL 1180426, at *1 (D. Minn. Mar. 29, 2017). In 2013, Arctic Cat introduced a competing product—the Wildcat Trail—which allegedly reduced Polaris's market share by 10%. *Id.* In response, Polaris filed five separate patent infringement actions—one of which is the instant case. *Id.* at *1-2. Specifically, Polaris alleged infringement of Claims 1, 10, and 11 of the '501 Patent in December 2015. *Id.* at *2.

In December 2016, Arctic Cat filed an IPR petition ("433 IPR") with the Patent Trial and Appeals Board ("PTAB"). (Decl. of Peter M. Kohlhepp ("Kohlhepp Decl.") ¶ 23, Ex. 22 ("IPR Pet.") at 2, 24, Mar. 12, 2019, Docket No. 463-29.) Arctic Cat asserted invalidity of certain '501 Patent claims on four grounds. (*Id.* at 7-8.)

**Table 1.**

| Ground | '501 Patent Claims | Combination |
|---|---|---|
| Ground 1 | 1, 6-9 | Sunsdahl, Suzuki, Brown |
| Ground 2 | 10-12, 14-22 | Sunsdahl, Suzuki, Brown, Ranger Manual |
| Ground 3 | 2 | Sunsdahl, Suzuki, Brown, Chonan |
| Ground 4 | 3-5 | Sunsdahl, Suzuki, Brown, Chonan, Nallinger |

(*Id.*)

In this case, Arctic Cat asserts that the '501 Patent is invalid on seven combinations of obviousness summarized in Table 2.

-2-

**Table 2.**

| Combination # | '501 Patent Claims | Combination |
|---|---|---|
| 1 | 1-12, 14-22 | **Polaris RZR 800 S**, **Pontiac Fiero**, **Polaris Ranger** |
| 2 | 1-12, 14-22 | **Kymco UXV 500**, **Pontiac Fiero** |
| 3 | 1-12, 14-22 | Ranger Manual, Bouffard |
| 4 | 1-10, 12, 14-22 | Leonard, Bouffard |
| 5 | 1-10, 12, 14-22 | Leonard, **Pontiac Fiero** |
| 6 | 1-7 | Suzuki, Brown |
| 7 | 10-12, 14-22 | Sunsdahl, Brown, Ranger Manual |

(Kohlhepp Decl. ¶ 7, Ex. 6 ("Davis Rep.") at 39, 121, 184, 268-69, 306-07, Mar. 12, 2019, Docket No. 464.)

Each of these grounds in this case and the 433 IPR are based on combinations of various patents or printed publications, and/or physical vehicles. Sunsdahl is a printed publication published on January 31, 2008, describing a vehicle with a continuous variable transmission ("CVT") intake positioned between the driver and passenger seats. (Letter, Ex. 1 ("IPR Decision") at 10, 11, Dec. 27, 2018, Docket No. 446-1; Davis Rep. ¶ 112.) Suzuki is a printed publication published on November 30, 2006, describing a vehicle that includes a CVT associated with an engine within the engine compartment and air intake ducts connected to the CVT. (IPR Decision at 10, 29; Davis Rep. ¶ 154.) Brown is a patent, Patent No. 4,681,178, issued July 21, 1987 describing a vehicle air intake scoop for a vehicle's engine where that scoop is located in a side body panel. (IPR Decision at 10, 30; Davis Rep. ¶ 156.) The Ranger Manual is a service manual for the 2007 Polaris Ranger 500. (IPR Decision at 10; Davis Rep. ¶ 147.) Chonan is a patent, Patent No. 7,427,248, issued September 23, 2008. (IPR Decision at 10.) Nallinger is a patent, Patent No.

2,033,731, issued March 10, 1936 describing a vehicle. (IPR Decision at 10; Davis Rep. ¶ 99.)

The Polaris RZR 800S, Pontiac Fiero, Polaris Ranger, and Kymco UXV 500 are all physical vehicles. (Davis Rep. ¶¶ 127, 134, 137, 141.) Bouffard and Leonard are both patents describing vehicles. (Davis Rep. ¶¶ 150, 152.)

None of the asserted grounds from the IPR overlap with the seven obviousness combinations that Arctic Cat asserts in this case. (*Compare* IPR Pet. at 7-8 *with* Davis Rep. at 39, 121, 184, 268-69, 306-07.) In December 2018 the PTAB issued a final written decision denying Arctic Cat's petition stating that Arctic Cat "has not shown by a preponderance of the evidence that any of the challenged claims are unpatentable." (Letter, Ex. 1 at 3, Dec. 27, 2018, Docket No. 446-1.) Polaris then brought the present motion for an order finding that Arctic Cat is estopped from asserting its identified invalidity grounds. (Mot., Mar. 12, 2019, Docket No. 459.)

## DISCUSSION

### I. STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most

favorable to the non-moving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. ESTOPPEL

Polaris argues that 35 U.S.C. § 315(e)(2) estops all of Arctic Cat's invalidity combinations post-IPR because Arctic Cat could reasonably have raised all of them during IPR. Statutory estoppel under 35 U.S.C. § 315(e)(2) states:

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision . . . may not assert . . . in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(e)(2). IPR is limited to invalidity grounds "that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). Estoppel under § 315(e)(2) thus requires: (1) a final written decision; (2) the challenged grounds fall under §§ 102 or 103; and (3) the challenged grounds were raised, or reasonably could have been raised during the IPR.

Only the third element is in dispute here. The PTAB issued a final written decision in December 2018. Neither party disputes, and the Court finds that Arctic Cat's seven invalidity grounds—that certain claims of the '501 Patent are obvious—falls squarely within § 103. *See* 35 U.S.C. § 103 ("A patent for a claimed invention may not be obtained . . . if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious . . . .").

None of the seven invalidity grounds Arctic Cat raises in this case overlap with the four grounds raised during the 433 IPR. Thus, the Court must decide whether Arctic Cat reasonably could have raised the seven invalidity grounds identified in this case during the 433 IPR.

Combinations 3, 4, 6, and 7 could reasonably have been raised during the 433 IPR so Arctic Cat is now estopped from raising them in this case. Grounds Arctic Cat "reasonably could have raised" include "non-petitioned grounds that the defendant chose not to present in the IPR petition," *iLife Techs. Inc. v. Nintendo of Am., Inc.*, No. 3:13-cv-4947-M, 2017 U.S. Dist. LEXIS 87769, at *16 (N.D. Tex. May 30, 2017), but where "a skilled searcher conducting a diligent search reasonably could have been expected to discover," *Id.* at *19 (quoting 157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl)). Here, Arctic Cat identified these four invalidity grounds at least by March 2018, well before filing the 433 IPR. (*See* Davis Rep. at 310.) Thus, it is clear that Arctic Cat did conduct a search and discovered the invalidity grounds so it reasonably could have raised combinations 3, 4, 6, and 7 in the 433 IPR. The Court will grant Polaris's motion as to combinations 3, 4, 6, and 7.

Combinations 1, 2, and 5 could not reasonably have been raised during the 433 IPR so Arctic Cat is not estopped from raising them in this case. Polaris argues that estoppel should apply to combinations 1, 2, and 5 because Arctic Cat reasonably could have raised those grounds during the 433 IPR using the manuals of the physical vehicles instead of the vehicles themselves. Polaris asserts that the manuals disclose all relevant material information regarding the physical vehicles. Polaris further argues that allowing Arctic

Cat to point to physical vehicles rather than the printed materials describing them would allow Arctic Cat to end-run estoppel.

Polaris has not produced, nor could this court find, any court granting the relief Polaris now requests—to apply § 315(e)(2) estoppel to products. Although some courts have suggested that this relief may be possible, *see Oil-Dri Corp. of Am. v. Nestlé Purina Petcare Co.*, Case No. 15-c-1067, 2019 U.S. Dist. LEXIS 28279, at *31 (N.D. Ill. Feb. 22, 2019) ("Where there is evidence that a petitioner had reasonable access to printed publications corresponding to or describing a product that it could have proffered during the IPR process, it cannot avoid estoppel simply by pointing to its finished product (rather than the printed materials) during litigation." (citations omitted)), such a rule has not been recognized by any circuits. Thus, the Court declines to adopt such a rule here. Other courts, and this Court agrees, have held that products embodying patents or printed publications are not subject to § 315(e)(2) estoppel.[1] Only patents or printed publications can serve as grounds for invalidity in an IPR. 35 U.S.C. § 311(b). Thus, Arctic Cat could not reasonably have raised combinations 1, 2, and 5 during the 433 IPR because they include physical vehicles. The Court will deny Polaris's motion with respect to combinations 1, 2, and 5.

---

[1] *See e.g. Zitovault, LLC v. IBM*, No. 3:16-cv-0962-M, 2018 U.S. Dist. LEXIS 117339, at *12-13 (N.D. Tex. Apr. 4, 2018) ("Plaintiff responds that the 'accused infringer cannot avoid statutory estoppel simply by relying on a system where all of the teachings of the system also exist in patents or printed publications because that ground reasonably could have been raised during the IPR.' This argument has been rejected in at least two prior cases, including one from this Court. Defendants can rely on the prior art systems in their invalidity contentions to argue anticipation or obviousness." (internal citations omitted)); *iLife*, 2017 U.S. Dist. LEXIS 87769 at

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for an Order Finding that Defendant Arctic Cat is Estopped From Asserting Its Identified Invalidity Grounds [Docket No. 459] is **GRANTED in part** and **DENIED in part** as follows:

    a. Defendant is estopped from asserting invalidity grounds based on Combinations 3, 4, 6, and 7.

    b. Defendant is not estopped from asserting invalidity grounds based on Combinations 1, 2, and 5.

DATED: August 15, 2019                  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                                       Chief Judge
                                                          United States District Court

---

*20 ("[A] petitioner could not have reasonably raised a combination of a prior art **product** with a patent or printed publication as a ground for invalidity before the PTAB . . . ." (emphasis in original)).